**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

ORIGINAL

August 12, 2026

Michael Low Bloch
Bloch & White LLP
152 West 57th Street
8th Floor
New York, NY 10019

**Re: United States v. Jennifer Percival, 26 Cr. ____ ( )**

Dear Mr. Bloch:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Jennifer Percival ("the defendant") to Count One of the above-referenced Information. Count One charges the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343, and carries a maximum term of imprisonment of 20 years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for her scheme to defraud the J.P. Morgan Chase settlement fund for victims of Jeffrey Epstein, and the Court supervising that fund, between in or about February 2024 to in or about November 2025, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

As part of this Agreement, the defendant admits the facts set forth in Exhibit A to this Agreement regarding her charged conduct, and certain other acts. It is understood that all of the conduct set forth in subsections (i) through (vi) of Exhibit A, which the defendant admits, constitutes either relevant conduct, pursuant to United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") Section 1B1.3, or other conduct of the defendant, pursuant to U.S.S.G. § 1B1.4, that the Court may consider at the time of sentencing. It is further understood that the listing of

conduct set forth in subsections (i) through (vi) of Exhibit A does not limit the information or evidence that the Government may present to the Probation Office or Court in connection with sentencing.

The defendant hereby admits the forfeiture allegation with respect to Count One of the Information and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c): a sum of money equal to $776,031 in United States currency, representing the amount of proceeds traceable to the commission of the offense (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution in the total amount of $776,031, in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664, in connection with the above-captioned case. The restitution amount shall be paid according to a plan established by the Court. The defendant will be given credit against this restitution amount for any payments made prior to sentencing, as verified by the Office.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. **<u>Offense Level</u>**

1. The applicable Guidelines manual is the November 1, 2025 edition.

2. Pursuant to U.S.S.G. § 2B1.1(a)(1), because the offense of conviction has a statutory maximum term of imprisonment of 20 years or more, the base offense level is seven.

3. Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), because the loss is greater than $550,000 but less than $1,500,000, 14 levels are added.

4. Pursuant to U.S.S.G. § 3C1.1, because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation and prosecution of the instant offense, and the obstructive conduct related to the defendant's offense of conviction, two levels are added.

5. Pursuant to U.S.S.G. § 4C1.1, because the defendant is a zero-point offender who meets the other relevant criteria, the offense level is decreased by two levels.

In accordance with the above, the applicable Guidelines offense level is 21.

B. **Criminal History Category**

Based upon this Office's current understanding (including from representations by the defense), the defendant has no prior convictions and zero criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

C. **Sentencing Range**

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 37 to 46 months' imprisonment, (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 21, the applicable fine range is $15,000 to $150,000.

The parties agree that no other adjustments pursuant to the Guidelines are warranted. Accordingly, neither party will seek any adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such an adjustment under the Guidelines.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted under any version of the Guidelines that was in effect prior to November 1, 2025. Accordingly, neither party will seek any departure pursuant to any prior version of the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure under any prior version of the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon information not contained in this Agreement that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth

above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the defendant's conviction. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence within or below the Stipulated Guidelines Range of 37 to 46 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum or any condition of supervised release imposed by the Court for which he had notice, including from a recommendation by the Probation Office in the presentence investigation report, and an opportunity to object. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $150,000, and the Government agrees not to appeal any fine that is greater than or equal to $15,000. The defendant also agrees not to appeal or bring a collateral challenge of any restitution amount that is less than or equal to $776,031, and the Government agrees not to appeal any restitution amount that is greater than or equal to $776,031. The defendant

also agrees not to appeal or bring a collateral challenge of any forfeiture amount that is less than or equal to $776,031, and the Government agrees not to appeal any forfeiture amount that is greater than or equal to $776,031. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

In connection with the defendant's plea of guilty, the defendant, in consultation with counsel, has chosen not to request discovery materials pursuant to Fed. R. Crim. P. 16 ("Rule 16 Material"). The defendant understands that if not for entering this plea of guilty, the Government would be required to produce Rule 16 Material, and would further be required to produce material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and Fed. R. Crim. P. 5(f), and, if the defendant proceeded to trial, impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and *Jencks* Act material. The defendant acknowledges that the defendant has not and will not receive such information because the defendant has decided to plead guilty, waives the right to this information, and agrees not to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any such information, apart from any information establishing the factual innocence of the defendant.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under 28 U.S.C. § 2255 and/or § 2241, on the

basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

JAMES M. MCDONALD
United States Attorney

By: /s/ ______________________
KEVIN MEAD / JERRY FANG
Assistant United States Attorneys
(212) 637-2211/2584

APPROVED:

/s/ Kim Ravener /JJF
KIMBERLY J. RAVENER
Chief, Complex Frauds & Cybercrime Unit

AGREED AND CONSENTED TO:

______________________
JENNIFER PERCIVAL

9/14/2026
DATE

APPROVED:

______________________
MICHAEL LOW BLOCH
Attorney for Jennifer Percival

9-14-26
DATE

**Exhibit A**

In connection with her guilty plea to Count One of the Information, defendant Jennifer Percival (hereinafter, the "defendant"), admits the following facts:

i. In or about December 2020, the defendant began the process of applying to the Epstein Victims' Compensation Program (the "EVCP Fund").

ii. On or about March 26, 2021, following review of the defendant's application and an interview, the EVCP Fund transmitted a letter to the defendant informing her that she was not eligible to receive any payment from the EVCP Fund (the "EVCP Fund Letter").

iii. In or about February 2024, the defendant sought permission to apply for compensation from a fund arising from *Jane Doe v. JP Morgan Chase Bank, N.A.*, 22 Civ. 10019 (JSR) (S.D.N.Y.) (the "JPM Fund for Victims"). The defendant emailed the relevant District Court Judge and the fund administrator. The defendant submitted an altered copy of the EVCP Fund Letter, which stated falsely that the defendant had been found to be eligible for compensation from the EVCP Fund. In connection with her application to the JPM Fund for Victims, the defendant represented that the EVCP Fund had paid her approximately $500,000.

iv. Based on the defendant's misstatements, the JPM Fund for Victims wired the defendant approximately $750,000 in or about May 2024.

v. On or about November 6, 2025, Special Agents from the Federal Bureau of Investigation ("FBI") conducted a voluntary interview of the defendant. In that interview, the defendant falsely stated that the EVCP Fund had found her eligible for victim compensation and had paid her $500,000. When confronted with a true and accurate copy of the ECVP Letter, the defendant falsely claimed that she had successfully appealed that decision to the EVCP Fund and been found eligible for compensation.

vi. In or about November 2025, in connection with an application to the United States Attorney's Office for the Southern District of New York to defer prosecution of the defendant in connection with this fraud on the JPM Fund for Victims, the defendant caused her then-attorney to submit altered and fabricated emails.

AGREED AND CONSENTED TO:

Dr. Jennifer Percival [signature]
JENNIFER PERCIVAL

9/14/2026
DATE

APPROVED:

[signature]
MICHAEL LOW BLOCH
Attorney for Jennifer Percival

9-14-26
DATE